## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| EZ Key Programming, LLC, | Case. No.    3:23CV-70-CHB |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| v. | |
| iKeyless, LLC d/b/a Car Keys Express, and | |
| Car Keys Express International, Inc. | |
| Defendants. | |

## COMPLAINT FOR PATENT INFRINGEMENT

EZ Key Programming, LLC ("Plaintiff" or "EZ Key") alleges, as set forth in detail below, that Defendants iKeyless, LLC ("Defendant iKeyless") d/b/a Car Keys Express, and Car Keys Express International, Inc. ("Defendant Car Keys Int'l.") (collectively "Defendants") willfully infringe U.S. Patent Nos. 10,650,628 ("the '628 patent") and 11,232,661 ("the '661 patent") (collectively "the Patents").

## INTRODUCTION

1.     EZ Key conceived, developed and ultimately patented innovative technology related to programming of electronic vehicle keys.  EZ Key owns the asserted Patents.

2.     At Defendants' request, EZ Key disclosed its technology to Defendants.  The parties executed an agreement relating to the technology on January 4, 2021.  Defendants subsequently informed EZ Key that they did not want to utilize the technology.  Defendants then blatantly copied EZ Key's products and willfully infringed the '628 and '661 patents.  EZ Key

now brings this action for damages and injunctive relief for willful patent infringement by Defendants.

## THE PARTIES

3.    Plaintiff EZ Key is a Missouri corporation with its principal place of business in Bridgeton, Missouri.

4.    On information and belief, Defendant iKeyless is a Kentucky Limited Liability Company with its principal place of business at 12101 Sycamore Station Place, Suite 140, Louisville, KY 40299.  iKeyless does business as Car Keys Express, which has its principal place of business at 828 E. Market Street, Louisville, KY 40206.

5.    On information and belief, Defendant Car Keys Int'l. is a Kentucky Corporation with its principal place of business at 12101 Sycamore Station Place, Suite 140, Louisville, KY 40299.

## JURISDICTION AND VENUE

6.    This Court has original jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because the action arises under the patent laws of the United States.

7.    Personal jurisdiction over Defendants is proper in this District because Defendants reside in this District; Defendants transact business within this District; and Defendants have caused tortious injury to EZ Key in this District by their infringement of the Patents.

8.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and 1400(b).

**FACTUAL ALLEGATIONS**

9.      EZ Key developed and owns vehicle key programming technology disclosed in the Patents that allows for easy programming of vehicle keys using a key programming tool. Prior to the EZ Key vehicle key programming technology, in order to program a key, expensive and bulky equipment was needed.  Technicians required training and experience before they could program keys using the old technology.  As such, replacement key programming was cumbersome, time consuming, and costly.  EZ Key recognized this deficiency and the need for improved technology in the vehicle key programming market.  EZ Key developed the patented technology as an inexpensive and simple option to program keys.  The EZ Key solution does not require the end user to go through hours of training or use complex equipment.  EZ Key also recognized that vehicle key programming would benefit from a process that uses the Internet and/or smart phones.  As such, EZ Key further designed the vehicle key programming technology to allow for key programming and pairing using a smart phone, tablet, or similar device, and that can be application driven.

10.      EZ Key manufactures and sells an application-based key programming tool to program nearly all vehicle models and key types including transponders, remotes, and fobs.

11.      Defendants approached EZ Key in early 2021 regarding entering into an agreement to use EZ Key's vehicle key programming technology and on January 4, 2021, EZ Key entered into an agreement that allowed Defendants to use and test EZ Key's onboard diagnostic (OBD) hardware, including the vehicle key programming technology covered at the time by the '628 patent, in connection particularly with EZ Key's software programming.  A true and correct copy of the agreement is attached as Exhibit 1.

12.     Defendants had access to EZ Key's patented technology, ostensibly for the purpose of testing it, for over one year.  During that time, EZ Key and Defendants had multiple telephone conversations and exchanged numerous email messages.  Defendants indicated to EZ Key that Defendants were evaluating the technology to determine the direction in which they wanted to go and whether Defendants could incorporate EZ Key's technology as a viable solution.  A copy of the email communications is attached as Exhibit 2.

13.     Instead of entering into an agreement to use the EZ Key technology, and knowing that the EZ Key technology was patented, Defendants copied EZ Key's technology and began promoting a product that infringes the Patents.

14.     EZ Key learned of Defendants' product offering in a news announcement from Defendants.  The product related to vehicle key programming that EZ Key believed would infringe the Patents.  EZ Key therefore sent Defendants an email on January 25, 2022 in which it notified Defendants that EZ Key has multiple patents covering programming / pairing vehicle keys through a smartphone.  A copy of the email is attached as Exhibit 3.

15.     Defendants responded on February 9, 2022 that their products are patented and that they were also reviewed against any existing patents, and claimed that EZ Key's product is different than the product that Defendants is offering.  A copy of the email is attached as Exhibit 3.

16.     EZ Key then learned that Defendants began offering for sale the Universal EZ Installer product that infringes the Patents.  EZ Key notified the Defendants on April 21, 2022 of such infringement.  A copy of the email communication is attached as Exhibit 3.

17.     Defendants on April 21, 2022 then requested the patent numbers for the Patents, which EZ Key provided that same day.  Defendants then responded acknowledging the Patent

numbers on April 25, 2022 and requested a claim chart or other document to support EZ Key's claim of infringement.  A copy of the email communication is attached as Exhibit 3.

18.     In response, EZ Key, on May 4, 2022, EZ Key provided information and identified some of the claims in the Patents that are infringed by the Universal EZ Installer product.  A copy of the email communication is attached as Exhibit 3.

19.     EZ Key then followed up with Defendants on May 18, 2022 regarding their review of the claims of the Patent with respect to the Universal EZ Installer product.  A copy of the email communication is attached as Exhibit 3.

20.     Defendants responded on May 23, 2022.  Defendants asked for more information and stated that a patent owner typically maps out their claims (with any particular meaning of claim terms) on any identified product or service of concern.  Defendants further stated that the owner of the accused product or service then responds to note any errors or distinction.  A copy of the email communication is attached as Exhibit 3.

21.     From these communications and Defendants' delay tactics in addressing the infringement of the Patents, it became clear to EZ Key that Defendants had and continue to have no desire to amicably resolve the continued infringement of the Patents.  Accordingly, EZ Key decided to bring this action to protect its intellectual property rights.

## OVERVIEW OF THE PATENTS

22.     The '628 patent is entitled "Remote Programming System and Method for Replacement Vehicle Keys" and issued on May 12, 2020.  The '661 patent is entitled "Remote Programming System and Method for Replacement Vehicle Keys" and issued on January 25, 2022.  Attached as Exhibit 4 is a true and correct copy of the '628 patent.  Attached as Exhibit 5 is a true and correct copy of the '661 patent.

23.     The Patents claim methods and systems for providing a replacement vehicle key that include programing an engine control unit of a vehicle to accept the replacement key using an onboard diagnostic interface device coupled with the engine control unit of the vehicle.  The onboard diagnostic interface device also links to an electronic mobile or hand-held device, such as a mobile phone, to facilitate programming the replacement key for use with the vehicle.

**COUNT I (INFRINGEMENT OF THE '628 PATENT)**

24.     EZ Key incorporates and re-alleges each and every allegation contained in the foregoing paragraphs of this complaint, as though fully set forth herein.

25.     Defendants have infringed and continue to infringe the '628 patent at least by making, using, selling, and/or offering for sale, the Universal EZ Installer, which embodies or uses the inventions of the '628 patent in violation of 35 U.S.C. § 271(a).  Attached as Exhibit 6 is an exemplary claim chart demonstrating how Defendants' Universal EZ Installer product infringes at least claims 1, 2, 4-6, 9, 11, and 12 of the '628 patent.  The claim chart is incorporated by reference into this complaint.

26.     Defendants have induced and continue to induce infringement of the '628 patent by actively and knowingly inducing others to make, use, sell, and/or offer for sale the Universal EZ Installer product, which embodies or uses the inventions of the '628 patent in violation of 35 U.S.C. § 271(b).  On information and belief, Defendants write or have written software for the Universal EZ Installer product and design the Universal EZ Installer product to operate in an infringing manner.  Defendants' Universal EZ Installer product includes hardware and/or software that is designed to operate in an infringing manner.  Defendants cause the Universal EZ Installer product to be made available through their own website (https://carkeysexpress.com/ez-installer).

27.     Defendants also profit from third parties who sell keys that can be programmed using the Universal EZ Installer product.  Defendants instruct users to use the Universal EZ Installer product in an infringing manner and provide technical support for such use, including on their website.  Defendants knew of, or were willfully blind to, the existence of the '628 patent no later than January 4, 2021 when they entered into the agreement with EZ Key.  No later than that date, Defendants knew their actions would induce infringement by users of any products designed using the technology claimed in the Patents.

28.     Defendants have contributorily infringed and are continuing to contributorily infringe the '628 patent by selling or offering to sell the Universal EZ Installer product, knowing it to be especially made or especially adapted for practicing the invention of the '628 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c).  On information and belief, Defendants write or have written software for the Universal EZ Installer product and design the Universal EZ Installer product to operate in an infringing manner.  Defendants' Universal EZ Installer product includes hardware and/or software that is designed to operate in an infringing manner.  Defendants cause the Universal EZ Installer product to be made available through their own website (https://carkeysexpress.com/ez-installer).

29.     Defendants also profit from third parties who sell keys that can be programmed using the Universal EZ Installer product.  Defendants instruct users to use the Universal EZ Installer product in an infringing manner and provide technical support for such use, including on their website.  Defendants knew of, or were willfully blind to, the existence of the '628 patent no later than January 4, 2021 when they entered into the agreement with EZ Key.  No later than

that date, Defendants knew their actions would induce infringement by users of any products designed using the technology claimed in the Patents.

30.    Defendants' infringement has been, and continues to be knowing, intentional, and willful.

31.    Defendants' acts of infringement of the '628 patent have caused and will continue to cause EZ Key damages for which EZ Key is entitled to compensation, including enhanced damages, pursuant to 35 U.S.C. § 284.

32.    Defendants' acts of infringement of the '628 patent have caused and will continue to cause EZ Key immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  EZ Key has no adequate remedy at law.

33.    This case is exceptional and, therefore, EZ Key is entitled to an award of attorney's fees pursuant to 35 U.S.C. § 285.

## COUNT II (INFRINGEMENT OF THE '661 PATENT)

34.    EZ Key incorporates and re-alleges each and every allegation contained in the foregoing paragraphs of this complaint, as though fully set forth herein.

35.    Defendants have infringed and continue to infringe the '661 patent at least by making, using, selling, and/or offering for sale, the Universal EZ Installer, which embodies or uses the inventions of the '661 patent in violation of 35 U.S.C. § 271(a).  Attached as Exhibit 7 is an exemplary claim chart demonstrating how Defendants' Universal EZ Installer product infringes at least claims 1, 2, 4-7, 10, 12-14, 16, 19, and 20 of the '661 patent.  The claim chart is incorporated by reference into this complaint.

36.    Defendants have induced and continue to induce infringement of the '661 patent by actively and knowingly inducing others to make, use, sell, and/or offer for sale the Universal

EZ Installer product, which embodies or uses the inventions of the '661 patent in violation of 35 U.S.C. § 271(b). On information and belief, Defendants write or have written software for the Universal EZ Installer product and design the Universal EZ Installer product to operate in an infringing manner. Defendants' Universal EZ Installer product includes hardware and/or software that is designed to operate in an infringing manner. Defendants cause the Universal EZ Installer product to be made available through their own website (https://carkeysexpress.com/ez-installer).

37.     Defendants also profit from third parties who sell keys that can be programmed using the Universal EZ Installer product. Defendants instruct users to use the Universal EZ Installer product in an infringing manner and provide technical support for such use, including on their website. Defendants knew of, or was willfully blind to, the existence of the '661 patent no later than April 21, 2022. No later than that date, Defendants knew their actions would induce infringement by users of any products designed using the technology claimed in the Patents.

38.     Defendants have contributorily infringed and are continuing to contributorily infringe the '661 patent by selling or offering to sell the Universal EZ Installer product, knowing it to be especially made or especially adapted for practicing the invention of the '661 patent and not a staple article or commodity of commerce suitable for substantial non-infringing use, in violation of 35 U.S.C. § 271(c). On information and belief, Defendants write or have written software for the Universal EZ Installer product and design the Universal EZ Installer product to operate in an infringing manner. Defendants' Universal EZ Installer product includes hardware and/or software that is designed to operate in an infringing manner. Defendants cause the Universal EZ Installer product to be made available through their own website (https://store.carkeysexpress.com/).

39.     Defendants also profit from third parties who sell keys that can be programmed using the Universal EZ Installer product.  Defendants instruct users to use the Universal EZ Installer product in an infringing manner and provide technical support for such use, including on their website.  Defendants knew of, or was willfully blind to, the existence of the '661 patent no later than April 21, 2022.  No later than that date, Defendants knew their actions would induce infringement by users of any products designed using the technology claimed in the Patents.

40.     Defendants' infringement has been, and continues to be knowing, intentional, and willful.

41.     Defendants' acts of infringement of the '661 patent have caused and will continue to cause EZ Key damages for which EZ Key is entitled to compensation, including enhanced damages, pursuant to 35 U.S.C. § 284.

42.     Defendants' acts of infringement of the '661 patent have caused and will continue to cause EZ Key immediate and irreparable harm unless such infringing activities are enjoined by this Court pursuant to 35 U.S.C. § 283.  EZ Key has no adequate remedy at law.

43.     This case is exceptional and, therefore, EZ Key is entitled to an award of attorney's fees pursuant to 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, EZ Key, respectfully requests the Court to enter judgment in favor of EZ Key and against Defendants as to all claims asserted herein as follows:

a)  Adjudging that Defendants have infringed, actively induced infringement of, and contributorily infringed at least one claim of the EZ Key Patents in violation of 35 U.S.C. §§ 271(a), (b), and/or (c);

b) Granting an injunction and permanently enjoining Defendants, their employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons or entities from infringing, contributing to the infringement of, or inducing infringement of the EZ Key Patents;

c) Ordering Defendants to account and pay damages adequate to compensate EZ Key for Defendants' infringement of the EZ Key Patents and pre-judgment and post-judgment interest and costs, pursuant to 35 U.S.C. § 284;

d) Ordering that the damages award be increased up to three times the actual amount assessed, pursuant to 35 U.S.C. § 284;

e) Declaring this case exceptional and awarding EZ Key its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285;

f) Awarding EZ Key interest, including prejudgment and post-judgment interest, on the foregoing sums; and

g) Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rules of Civil Procedure Rule 38, EZ Key demands a trial by jury on all issues so triable.

Dated:  2/10/2023

Respectfully submitted,

DENTONS BINGHAM GREENEBAUM LLP

*/s/ Melissa Norman Bork*
MELISSA NORMAN BORK (KY #85448)
JAMES C. EAVES, JR. (KY #84009)
3500 PNC Tower
01 South Fifth Street
Louisville, KY 40202
Tel. (502) 587-3724
melissa.normanbork@dentons.com
james.eaves@dentons.com

TUCKER ELLIS LLP

KEITH J. GRADY (MO #46757)
100 S. Fourth Street, Suite 600
St. Louis, MO 63102
Tel. (314) 256-2550
keith.grady@tuckerellis.com

*Attorneys for EZ Key Programming, LLC*

22692245.v1